UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRADLEY A. HOLLENBACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:11cv0823 TCM |
| | ) |
| TASER INTERNATIONAL, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This diversity action is before the Court[1] on the opposed motion of Bradley A. Hollenback (Plaintiff) to remand his case to the state court from which it was removed. [Doc. 9]

**Background**

This action began with the filing of a complaint[2] in state court against Taser International, Inc. (Taser), a Delaware corporation, and Ed Roehr Auto Radio Company, doing business as Ed Roehr Safety Products Company (Roehr), a Missouri corporation and licensed Taser dealer. (Compl. ¶ 2-4.) Plaintiff alleges that he sustained injuries when a cartridge he was removing from a Taser unit unexpectedly "fired and/or exploded." (Id. ¶ 10-11.) The Taser unit and cartridge "were designed, manufactured, sold and distributed into the markets

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

[2]The initial pleading is referred to as a petition in Missouri. For ease of reference, the Court will employ the term "complaint" used in federal courts.

of commerce by" Taser and Roehr. (Id. ¶ 9.) Plaintiff sought to hold Taser and Roehr liable for his injuries on claims of design defect (Count I), strict liability failure to warn (Count II), negligent failure to warn (Count IV), and negligently supplying a dangerous instrumentality for supplier's business purposes (Count V).[3]

Roehr argued before the state court that it should be dismissed because it was an "innocent seller" as defined in Mo.Rev.Stat. § 537.762. That statute provides that "[a] defendant whose liability is based solely on his status as a seller in the stream of commerce may be dismissed from a products liability claim as provided in this section." Mo.Rev.Stat. § 537.762.1. To be dismissed there must be "another defendant, including the manufacturer, . . . properly before the court and from whom total recovery may be had for plaintiff's claim." Mo.Rev.Stat. § 537.762.2. A defendant moving for dismissal under this section must also file an affidavit stating that he "is aware of no facts or circumstances upon which a verdict might be reached against him, other than his status as a seller in the stream of commerce." Mo.Rev.Stat. § 537.762.3. Moreover,

> 6. No order of dismissal under this section shall operate to divest a court of venue or jurisdiction otherwise proper at the time the action was commenced. A defendant dismissed pursuant to this section shall be considered to remain a party to such action only for such purposes.
>
> 7. An order of dismissal under this section shall be interlocutory until final disposition of plaintiff's claim by settlement or judgment and may be set aside for good cause shown at anytime prior to such disposition.

Mo.Rev.Stat. § 537.762.6, 537.762.7.

---

[3]Count III is against Taser only for negligent design defect.

Roehr filed an affidavit with its motion. (Def.'s Resp. Ex. A, ECF 16-1.) Its operation manager, Andrew Strebler, averred that Roehr "was not involved in any way in the design, manufacture, or testing of TASER® brand products" and had "never had any control over TASER product development, warnings or labeling." (Id. ¶ 4-5.) Rather, Roehr sold Taser products "in the same containers in which they are packaged by the manufacturer, TASER, without altering the products or their packaging or labeling in any way." (Id. ¶ 6.)

Roehr's motion was granted. See Hollenback v. Taser Int'l, Inc., No. 10SL-CC04629 (Mo. Cir. Ct. Apr. 12, 2011). Specifically, the court found that the other defendant, Taser, "ha[d] demonstrated sufficient resources from whom [sic] plaintiff can obtain total recovery. All claims in plaintiff's [complaint] against Defendant Roehr are dismissed without prejudice." Id. The court's order was titled "Interlocutory Order of Dismissal." Id.

Taser then timely removed the case to federal court, alleging that (a) Roehr was fraudulently joined to defeat diversity; (b) §§ 537.762.6 and 537.762.7 either are (i) procedural and inapplicable to a removal analysis or (ii) substantive but ineffective to restrict the federal courts' subject matter jurisdiction; (c) the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332(a), and (d) the notice of removal is timely. Challenging only the first two arguments, Plaintiff moves to remand.

## Discussion

A defendant may remove a civil action filed in a state court to the proper district court if the district courts have original jurisdiction of the action. 28 U.S.C. § 1441(a). District courts have original jurisdiction in all civil actions between citizens of different states, if the

amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1). Here, there is no dispute that the amount in controversy exceeds $75,000.00. Diversity of citizenship exists "'where no defendant holds citizenship in the same state where any plaintiff holds citizenship.'" **Junk v. Terminix Int'l Co.**, 628 F.3d 439, 445 (8th Cir. 2010) (quoting In re Prempro Prods. Liab. Litig., 591 F.3d 613, 620 (8th Cir. 2010)). And, "'[i]n the case of a removed action, diversity [of citizenship] must exist both when the state petition is filed and when the petition for removal is filed.'" **Knudson v. Sys. Painters, Inc.**, 634 F.3d 968, 975 (8th Cir. 2011) (quoting Ryan v. Schneider Nat'l Carriers, Inc., 263 F.3d 816, 819 (8th Cir. 2001)) (second alteration in original). Roehr is a Missouri corporation; Hollenback is a Missouri resident. Although diversity of citizenship existed when the notice of removal was filed, it did not when the state court complaint was filed. This would seemingly destroy diversity of citizenship. Relevant to this case, however, are two exceptions to "the time-of-filing rule." See **id.**

The first exception, and the one Taser relies on the most, is that "a district court may retain jurisdiction where the nondiverse defendant has been fraudulently joined." **Junk**, 628 F.3d at 445. The Eighth Circuit recently restated its standard for determining whether there has been such a joinder.

> [T]o prove that a plaintiff fraudulently joined a diversity-destroying defendant, we require a defendant seeking removal to prove that the plaintiff's claim against the diversity-destroying defendant has no reasonable basis in fact and law. Under this standard, if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained. However, joinder is not fraudulent where there is arguable a reasonable basis

- 4 -

>for predicting that the state law might impose liability based upon the facts involved.

**Knudson**, 634 F.3d at 980 (internal quotations omitted).  This standard requires "the defendant to do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion." **Id.**

The parties focus their respective arguments on Hollenback's product liability claims. In Missouri, "the term 'products liability claim' means a claim or portion of a claim in which the plaintiff seeks relief in the form of damages" on theories of, among other things, design defect and failure to warn.  Mo.Rev.Stat. § 537.760(3)(a) and (b).  A seller in the stream of commerce is subject to liability on such claims, see **Dorsey v. Sekisui America Corp.**, 79 F. Supp.2d 1089, 1091 (E.D. Mo. 1999); **Malone v. Schapun, Inc.**, 965 S.W.2d 177, 182 (Mo. Ct. App. 1997)[4]; **Stinson v. E.I. DuPont de Nemours and Co.**, 904 S.W.2d 428, 430 (Mo. Ct. App. 1995), but may be dismissed as an "innocent seller,"see Mo.Rev.Stat. § 537.762, as was Roehr on its motion.  Pursuant to § 537.762.7, the dismissal is interlocutory.  "As a matter of substantive Missouri law[, however,] [Roehr] is still considered a party to the action for purposes of jurisdiction and venue under . . . § 537.762." **Pender v. Bell Asbestos Mines, Ltd.**, 46 F. Supp.2d 937, 940 (E.D. Mo. 1999).  This is because if Taser "became insolvent or for some other reason it became apparent that there is no other defendant 'from whom total recovery may be had for plaintiff's claim,' then, at any time before final judgment or settlement

---

[4] In **Malone**, as in the instant case, the underlying claims were for strict liability design defect, strict liability failure to warn, and negligence.  965 S.W.2d at 179-80.


of this case, [Roehr] could be reinstated as a defendant" under the substantive law of Missouri. **Id.**

Taser argues that there are no insolvency concerns because, as the state court found, it has sufficient resources to satisfy any judgment against them. Taser confuses the issue of whether liability may be shifted under § 537.762 from the downstream seller, e.g., Roehr, to an upstream defendant, e.g., Taser, see **Gramex Corp. v. Green Supply, Inc.**, 89 S.W.3d 432, 445 (Mo. 2002) (en banc), with whether Hollenback has stated a cause of action against Roehr, see **Loo v. General Elec. Co.**, No. 4:10cv1444 SNLJ, 2010 WL 3892216, *2 (E.D. Mo. Sept. 29, 2010) ("Missouri courts have made it clear that § 537.762 does not change the substantive law relating to an innocent seller's liability and a seller in the stream of commerce is still subject to liability under the doctrine of strict liability."); **Dorsey**, 79 F. Supp.2d at 1092 (holding that a dismissed innocent seller remains potentially liable until conclusion of the products liability action by final judgment or settlement).

Similarly to the instant case, the complaint in **Fahy v. Taser Int'l, Inc.**, No. 4:10cv0019 CDP, 2010 WL 559249 (E.D. Mo. Feb. 10, 2010), included five counts, four against both Taser and Roehr and one, negligent design defect, see note 3, supra, against Taser only. (See Compl. 7-18, ECF No. 1-2.) Unlike the instant case, however, in **Fahy** Roehr was not dismissed by the state court and remained a defendant when the case was removed to federal court on the grounds that it was fraudulently joined. (Notice of Removal 1, ECF No. 1.) The court granted the plaintiff's motion to remand, finding, in part, that "[a]s

an avenue of defense only, [§ 537.762] has no bearing on whether [plaintiff] has stated a cause of action against Ed Roehr at the pleadings stage, which is the relevant inquiry for fraudulent joinder." **Fahy**, 2010 WL 559249, *2.  Although Roehr remained a party in **Fahy** when the case was removed, the court did not find that to be a relevant consideration for purposes of deciding whether it was fraudulently joined, holding that "[u]nder the statute, Ed Roehr would still be considered a party to the case and would remain potentially liable to [plaintiff] under Missouri law *even if it were dismissed* under § 537.762(1)." **Id.** (emphasis added).

The Court notes that decisions in **Wichmann v. Proctor & Gamble Mfg. Co.**, 2006 WL 3626904 (E.D. Mo. Dec. 11, 20006), and **Thomas v. Brown & Williamson Tobacco Corp.**, 2006 WL 1194873 (W.D. Mo. Apr. 28, 2006), have found fraudulent joinder when the resident defendant was an "innocent seller" under § 537.762.  The first case is distinguishable, however, and the Court respectfully disagrees with the latter.  In **Wichmann**, the plaintiffs were "attempting to impose a duty on the resident defendant which exceed[ed] federal regulations." 2006 WL 362904, *2.  The court found that the underlying allegations would impose a duty on the defendant-grocer selling the tampons which caused the complained-of injuries to "engage in highly scientific testing and experimentation" and were absurd. **Id.** Thus, the allegations themselves, not merely the non-resident defendant's ability to satisfy a judgment, were found not to support a claim against the resident defendant-seller.  In **Thomas**, it was the non-resident defendant's ability to satisfy a judgment that supported the court's finding of fraudulent joinder.  2006 WL 1194873, *3.  Cf. **Harrell v. Clarke Power**

**Products, Inc.**, No. 2:10cv0070 DDN, 2011 WL 749681, *4 (E.D. Mo. Feb. 24, 2011) (granting motion to remand when ability of non-resident defendant to make a full recovery was in doubt, as was the question whether that defendant was properly before state court).

For the foregoing reasons, in the circumstances of the instant case,[5] the Court finds that Roehr's interlocutory dismissal as an innocent seller does not translate to it being fraudulently joined for diversity purposes.

Another exception to the "time-of-filing" rule is that "if the plaintiff voluntarily dismisses the diversity-destroying defendant, a defendant may then be able to remove the case." **Knudson**, 634 F.3d at 975 (citing Powers v. Chesapeake & Ohio Ry. Co., 169 U.S. 92, 101-02 (1898)).  "This is because a defendant generally has no control over whether the plaintiff voluntarily dismisses another defendant, so there is no risk that a defendant has changed its citizenship to manipulate jurisdiction." **Id.** at 976.

Taser argues that this exception applies because Plaintiff did not file a memorandum opposing Roehr's motion to dismiss.  Plaintiff counters that it argued against the motion at a hearing.  "Generally, courts have suggested that a dismissal is voluntary as to a plaintiff only if the plaintiff initiated the dismissal." **Id.** (internal quotations omitted). "When the diversity-

---

[5]The Court notes that Plaintiff's claims against Roehr include ones for negligence.  Because Roehr was dismissed by the state court as an innocent seller, the Court has not reached the question whether those negligence claims would defeat Taser's fraudulent joinder argument. See e.g. **Platt v. PPG Indus., Inc.**, No. 4:10cv0874 CAS, 2010 WL 3733578 (E.D. Mo. Sept. 20, 2010) (granting motion to remand when plaintiff also brought negligence claims against defendants who argued they should be dismissed as innocent sellers and, consequently, their joinder was fraudulent and did not defeat removal).

destroying defendant initiates its own dismissal, and when the court's order is against the will of the plaintiff, the dismissal is not voluntary." **Id.** In this District, a dismissal has been found not to be voluntary when plaintiff's counsel merely stated that he would not oppose the motion to dismiss, see **Pender**, 46 F. Supp.2d at 941, or stated that he consented to a motion to dismiss after concluding that an opposition would not be in good faith, see **Harrell**, 2011 WL 749681, *5 (finding that doubts about case being involuntary removed were also supported by the state court dismissal order being interlocutory).  Whether Plaintiff opposed Roehr's motion in writing or orally, it did not file it and did not advocate for it.  The voluntary dismissal exception is inapplicable.

## Conclusion

It is well-established that "'[a]ll doubts about federal jurisdiction should be resolved in favor of remand to state court.'"  **Knudson**, 634 F.3d at 975 (quoting Junk, 628 F.3d at 446). Accordingly, for the reasons set forth above,

**IT IS HEREBY ORDERED** that the motion of Bradley A. Hollenback to remand is **GRANTED**.  [Doc. 9]

An appropriate Order of Remand shall accompany this Memorandum and Order.


/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  27th  day of October, 2011.